## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| North Dakota, ex rel. Wayne Stenehjem, Attorney General for the State of North Dakota, | ) ) ) ) | **ORDER DENYING PLAINTIFFS' JOINT MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| United States of America, | ) ) | Case No. 1:12-cv-125 |
| Defendant. | ) | (lead case) |

| | | |
|---|---|---|
| Billings County, North Dakota; Golden Valley County, North Dakota; McKenzie County, North Dakota; and Slope County, North Dakota, municipal entities, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| United States of America, | ) ) | Case No. 1:12-cv-102 (consolidated case) |
| Defendant. | ) ) ) | |

Before the Court is a "Joint Motion for Entry of Final Judgment Pursuant to Rule 54(b) by Plaintiffs State of North Dakota and Billings County, et al." filed on July 19, 2017. See Docket No. 191. For the reasons set forth below, the motion is denied.

## I.   BACKGROUND

On July 30, 2012, Billings County, McKenzie County, Slope County, and Golden Valley County (collectively "the Counties") initiated an action against the United States of America ("United States") to quiet title to their claims of section line rights-of-way in the Little Missouri National

Grassland as well as six individual roads claimed by McKenzie County. See Docket No. 1 (Case No. 1:12-cv-102). The State of North Dakota then filed a complaint on September 14, 2012, against the United States to quiet title to its claim of section line rights-of-way within the Little Missouri National Grassland, the Sheyenne National Grassland, and the portion of the Cedar River National Grassland located in North Dakota, all which are a part of the Dakota Prairie Grasslands. See Docket No. 1 (Case No. 1:12-cv-125). On April 16, 2013, the Court consolidated the two actions, with North Dakota's action designated as the lead case (Case No. 1:12-cv-125) and the action by the Counties as the consolidated case (Case No. 1:12-cv-102). See Docket No. 24.

On September 26, 2014, the United States filed a motion to dismiss the State of North Dakota's amended complaint. See Docket No. 88. The United States subsequently filed a motion to dismiss the first cause of action as to section line rights-of-way in the Counties' third amended complaint on December 9, 2015. See Docket No. 169. In its motions, the United States sought to dismiss the complaints of North Dakota and the Counties for lack of subject matter jurisdiction because the claims were untimely under the Quiet Title Act, 28 U.S.C. § 2409a. On June 26, 2017, the Court granted the United States' motions, concluding 28 U.S.C. § 2409a(i) bars North Dakota's claim as well as the Counties' first cause of action and divests the Court of jurisdiction over the matter. See Docket No. 190. After dismissal by the Court of North Dakota's amended complaint and the Counties' first cause of action, McKenzie County's claims to quiet title to six individual roads remain unadjudicated. See Docket No. 163.

On July 19, 2017, North Dakota and the Counties jointly filed the motion now before the Court, seeking entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to those claims which the Court dismissed for lack of jurisdiction (i.e. claims as to section line rights-of-way). See Docket No. 191. Specifically, North Dakota and the Counties contend entry of final judgment is appropriate because "the section line rights-of-way claims are separate and factually distinct from the

2

remaining individual road claims." See Docket No. 191, p. 3. On August 2, 2017, the United States filed a response in opposition to the motion. See Docket No. 193. North Dakota and the Counties then filed a joint reply brief on August 9, 2017. See Docket No. 194.

## II.	LEGAL DISCUSSION

It is well-established that orders disposing of fewer than all claims are not immediately appealable. Review must generally await a final judgment disposing of all claims. However, a district court may, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, direct entry of final judgment as to one or more but fewer than all of the claims before resolution of all claims. Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993). Rule 54(b) provides as follows:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.**
>
> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The policy of all courts is to avoid piecemeal and interlocutory appeals. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980); Interstate Power Co., 992 F.2d at 807; Burlington Northern R.R. Co. v. Bair, 754 F.2d 799, 800 (8th Cir. 1985). As result, Rule 54(b) certification is not granted routinely, but is reserved only for those rare cases that warrant an immediate appeal from a partial resolution of a lawsuit. See Bullock v. Baptist Memorial Hospital, 817 F.2d 58, 59 n.2 (8th Cir.1987). The decision regarding certification under Rule 54(b) rests in the discretion of the district court. Downing v. Riceland Foods, Inc., 810 F.3d 580, 585 (8th Cir. 2016).

The Eighth Circuit has established a two-step analysis to determine whether certification of an order as final under Rule 54(b) is appropriate:

> The court must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim. Second, the district court must determine whether a just reason for delay exists. In making such determination, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.

Id. (internal citation and quotation marks omitted). In the Eighth Circuit, certification under Rule 54(b) is granted only if there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam). In *Hayden*, the Eighth Circuit identified several factors to consider to determine whether danger or hardship through delay exists:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

719 F.2d at 269 (quoting Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975)).

Without question, the Court's order of June 26, 2017, is a 'final judgment' in that the Order disposed of the claims as to section line rights-of-way. See Downing, 810 F.3d. at 585. Neither party expressly disputes the finality of the Court's June 26, 2017 Order. In its June 26, 2017 Order, the Court concluded 28 U.S.C. § 2409a(i) bars North Dakota's claims as well as the Counties' first cause of action and divests the Court of jurisdiction over those claims. See Docket No. 190. Consequently, the Court dismissed those claims. But for McKenzie County's claims to quiet title to six individual roads, the Court's June 26, 2017 Order would have been immediately reviewable. Thus, the Court finds its Order of June 26, 2017, dismissing the claims to quiet title to section line rights-of-way final "in the sense that it is an ultimate disposition of an individual claim." Id.

The Court next considers whether a just reason for delay exists. In their joint brief, North Dakota and the Counties contend no reason to delay review of the Court's June 26, 2017 Order exists. Specifically, North Dakota and the Counties assert the adjudicated section line rights-of-way claims and unadjudicated individual road claims are separate and distinct because (1) the parties followed different discovery and case management plans for the section line rights-of-way claims and the individual road claims and (2) the "section line rights-of-way and the individual road claims involve a completely different factual analysis under the QTA." See Docket No. 192, pg. 13. Although it is true the parties followed distinct discovery and case management schedules for the section line rights-of-way claims and the individual road claims, the Court is not convinced the relationship between the adjudicated claims (section line rights-of-way claims) and unadjudicated claims (individual road claims) are so distinct that certification under Rule 54(b) is warranted in this matter. All claims by both North Dakota and the Counties in this consolidated action seek to quiet title to certain property interests, and all claims are brought pursuant to the Quiet Title Act, 28 U.S.C. § 2409a ("QTA"). This action is not one in which the adjudicated and unadjudicated claims are based upon two independent legal theories. Resolution of the unadjudicated individual road claims requires the Court to examine and interpret the QTA as it previously did to resolve the section line rights-of-way claims. Given the same law is at the heart of both the section line rights-of-way claims and the individual road claims, the appellate court may need to analyze the QTA now and again when the parties seek review after resolution of the individual road claims if the Court permits an immediate appeal of the June 26, 2017 Order. Under these circumstances, directing entry of a final judgment for the section line rights-of-way is not favored by the Court.

North Dakota and the Counties have also failed to demonstrate how the factual analysis under the QTA will be distinct for the claims to individual roads compared to the claims to section line rights-of-way. Many of McKenize County's claims to quiet title to individual roads are premised

5

upon the grant of R.S. 2477 and North Dakota's section line law, N.D.C.C. § 24-07-03, just as North Dakota and the Counties' claims to section line rights-of-way were based upon R.S. 2477 and North Dakota's section line law. See Docket No. 163, pp. 30-31, 34-35, 38, 41-42. In the same way the Court addressed whether the QTA limitations period ran on the section line rights-of-way claims, the Court likely will be asked to decide the same issue for the individual road claims. The documentation submitted to the Court by the parties upon the United States' motions to dismiss the section line rights-of-way claims because the limitations period ran was voluminous and required months for the Court to fully review. The Court believes it will likely be required to again review (at least in part) the thousands of pages of documents the parties have already submitted to resolve the section line rights-of-ways claims to resolve McKenzie County's individual road claims as the individual road claims are also premised upon the R.S. 2477 grant and North Dakota's section line law. While it is true, new facts may be considered by the Court in the course of litigating the individual road claims, the Court will likely need to review its previous factual analysis of the section line rights-of-way claims.

The overlap of both the factual and legal analysis between the adjudicated and unadjudicated claims in this matter assuredly creates "the possibility that the reviewing court might be obliged to consider the same issue a second time." See Hayden, 719 F.2d at 269. It is with these considerations in mind the Court concludes the factors outlined above do not weigh in favor of certification under Rule 54(b). Consequently, North Dakota and the Counties have not made a showing of hardship or injustice that warrants a Rule 54(b) certification and a just reasons for delay exists. The absence of such a showing constitutes a sufficient basis for denying the motion. See Bair, 754 F.2d 799, 800 (stating that the certification of judgment for the purposes of permitting immediate appeal should not have been granted where no showing of hardship or injustice was made); Little Earth of United Tribes, Inc. v. U.S. Dep't. of Housing and Urban Dev., 738 F.2d 310 (8th Cir. 1984) (finding no discernable danger of hardship or injustice to warrant the district court's certification of judgment under Rule

54(b)). The Court has carefully considered the arguments of the parties and, in its broad discretion, does not believe that a Rule 54(b) certification is warranted under the circumstances. It is only the "special case" that warrants an immediate appeal from a partial resolution of a lawsuit via Rule 54(b), and this is not such a case.

### III. CONCLUSION

The Court has carefully reviewed the entire record and the relevant case law. For the reasons set forth above, North Dakota and the Counties' Motion for Entry of Final Judgment Under Rule 54(b) (Docket No.191) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2017.

> /s/ Daniel L. Hovland
> Daniel L. Hovland, Chief Judge
> United States District Court